IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| E. JOHN HOSCH, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| XCHANGEAGENT, INC., *et al.*, | : | CIVIL ACTION NO. |
| | : | 4:10-CV-00191-AT |
| | : | |
| Defendants. | : | |

# **ORDER**

This matter is before the Court on consideration of the supplemental briefing on the issue of summary judgment as ordered by the Court on August 29, 2016 [Docs. 292, 297].

In its August 29, 2016 Order, the Court addressed Plaintiff Hosch's Motion for Summary Judgment. (*See* Order, Doc. 286.) As noted therein, Mr. Hosch, offered an order of the Superior Court of Bartow County in a related underlying civil case brought by *Park Avenue Bank* in support of his claims here against Defendant Prozer. (*See* Doc. 211-6 at 21-34.) The *Park Avenue Bank* order referenced a number of agreements that are central both to that case and to this, including Mr. Hosch's personal Guaranty contract and an agreement between Hosch and XchangeAgent. (*Id.* at 27.) Mr. Hosch, however, opted not to put the Guaranty contract or the contract between Hosch and XchangeAgent before this Court in consideration of his summary judgment motion, but rather directed the

Court to his affidavit and a few documents from the underlying Superior Court case to discern the contents thereof. (*See* Order, Doc. 286 at 9, n.5 (citing Pl.'s Statement of Material Facts For Which There Is No Genuine Issue To Be Tried, Fact "F-1," Doc. 211-2 at 6)).

The Court denied Mr. Hosch's motion because he failed to provide appropriate legal justification or factual basis for judgment in his favor as a matter of law on any of his claims against Defendant Prozer. (*Id.* at 11-15.) But in reviewing the record, the Court noted serious concerns about whether Plaintiff would be entitled to any relief at all as a matter of law. Specifically, the Court found that some of the referenced evidence – the Guaranty relied on by the *Park Avenue Bank* court – may potentially entitle Defendant Prozer to judgment. (*Id.* at 16.) The Court therefore ordered Plaintiff to file a supplemental brief, a supplemental statement of undisputed material facts[1], and to attach the Guaranty and the agreement between Mr. Hosch and Xchange Agent referenced in the *Park Avenue Bank* order. (*Id.* at 17.) The Court noted that it would determine, based on this supplemental briefing and the additional evidence, whether summary judgment on any of the claims should be granted in favor of Mr. Prozer, Mr. Hosch, or neither. (*Id.* at 18.)

Plaintiff filed his supplemental brief on October 7, 2016. Contrary to the Court's Order, Plaintiff did not file a separate supplemental statement of

---

[1] The Court specifically and expressly directed the parties to the requirements of Local Rule 56.1(B)(2)(a) regarding the format required for statements of material fact and responses thereto.

undisputed material facts, nor did he file the Guaranty and the agreement between Mr. Hosch and Xchange Agent as ordered.  Plaintiff's failure to attach the evidence ordered by the Court does not appear to be the result of an innocent mistake.  Despite relying on the *Park Avenue Bank* order in support of his motion for summary judgment, Plaintiff now asserts in his supplemental brief that the *Park Avenue Bank* ruling "has no relevance to this action" and that the contracts referenced by the *Park Avenue Bank* court – the Guaranty and the agreement between Mr. Hosch and Xchange Agent – are void and should have no effect on these proceedings.  (Supp. Br., Doc. 292 at 6-7.)

As Plaintiff has failed to comply with a lawful order of this Court, and his noncompliance appears to be wilful, this action is **DISMISSED WITHOUT PREJUDICE**.  *See* LR 41.3(A)(2), NDGa. (providing that the Court may, with or without notice, dismiss a civil case for failure or refusal to obey a lawful order of the court in the case).  The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED** this 21st day of September, 2018.

_____
**Amy Totenberg**
**United States District Judge**